UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN GREEN,               )
                          )
         Plaintiff,       )
                          )   Case: 1:16-cv-00684
    v.                    )   Assigned To : Unassigned
                          )   Assign. Date : 4/12/2016
UNITED STATES OF AMERICA, *et al.*,  )   Description: Pro Se Gen. Civil
                          )
         Defendants.      )
                          )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. According to plaintiff, the statute pursuant to which he was convicted in the Superior Court of the District of Columbia is invalid, such that his current incarceration violates rights protected under the United States Constitution. He demands declaratory relief, immediate release from custody and an award of monetary damages totaling $8,750,000. For the reasons stated below, the complaint will be dismissed in its entirety.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Plaintiff does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration, and he has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. *See Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C.Cir.1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention"). Moreover, this Court has no authority to overturn a Superior Court conviction. *See, e.g., Stoddard v. Court Servs. & Offender Supervision Agency for the District of Columbia*, No. CV 14-1338, 2014 WL 4086286, at *1 (D.D.C. Aug. 18, 2014).

Plaintiff is no more successful in establishing that he is entitled to monetary damages. The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for

damages fails.  *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  An Order is issued separately.

DATE: 4/9/2016

_____
United States District Judge